IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Firas Ayoubi,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Hanesbrands, Inc., Fila Sporting Goods Co., Keefe Group LLC, and Access Catalogue,<br><br>　　　　Defendants. | Case No. 3:22-cv-50158<br><br>Honorable Iain D. Johnston |

**ORDER TO SHOW CAUSE**

Plaintiff Firas Ayoubi brings this products liability action *pro se*. He initially filed suit in the Circuit Court of Lee County, Illinois, in October 2019. He sues Hanesbrands, Inc., Fila Sporting Goods, Co., Keefe Group LLC, and Access Catalogue.[1] On May 5, 2022, Keefe Group removed the case to this Court. For the reasons explained below, Keefe Group must show cause by June 17, 2022, why this case should not be remanded back to state court. Alternatively, by the same date, Keefe Group may amend its notice of removal to repair the errors discussed below.

The removal statute provides several procedural requirements. First, removal must happen within thirty days after the defendant has been served. 28 U.S.C. § 1446(b)(1). Here, Keefe Group alleges that it was served on May 3, 2022, notwithstanding the time that has passed since the case was initially filed. Because

---

[1] Though Ayoubi names Access Catalogue separately, that company merged into Keefe Group LLC in 2015. Dkt. 1-2, at 8.

1

Keefe Group removed this action on May 5, 2022, two days after it was allegedly served, the notice of removal was filed within the thirty-day requirement.

Notwithstanding the date of service, however, if federal jurisdiction is premised on diversity of citizenship, "the case generally must be removed within a 'year after commencement of the action.'" *Home Depot U.S.A., Inc. v. Jackson*, 139 S. Ct. 1743, 1746 (2019) (quoting 28 U.S.C. ¶ 1446(c)(1)). Ayoubi initially filed this case in October 2019, but the removal was on May 5, 2022. Nothing in the notice of removal explains the basis for removing this case more than a year after it was initially filed. Nevertheless, if Ayoubi acted in bad faith to prevent removal, then the delay might be excused. *Fiala v. RMLS Hop Ill. LLC*, No. 21-cv-4095, 2022 U.S. Dist. LEXIS 8481, at *5 (N.D. Ill. Jan. 18, 2022). Thus, Keefe Group, as the removing defendant, must explain its basis for removing this case to federal court after the one-year limit.

Furthermore, all defendants that have been served must consent to removal. 28 U.S.C. § 1446(b)(2)(A). Keefe Group alleges that Fila Sporting Goods has consented to removal, but it does not allege that Hanesbrands has consented. Instead, it alleges that Hanesbrands has yet to file an attorney appearance. Dkt. 1, ¶ 9. That is not the same thing. Under some circumstances, lack of consent may be excused, but Keefe Group has not offered a reason for failing to get the consent of Hanesbrands. Indeed, Keefe Group has not indicated whether Hanesbrands has been served, or whether it investigated the question. *Peirick v. Hooters of Am., Inc.*, No. 05-cv-4391, 2005 U.S. Dist. LEXIS 18990, at *4 (N.D. Ill. Aug. 31, 2005)

(requiring investigation into the status of service even though defendant argued that Hooters had not filed an appearance); *Esparza v. Paragon Shipping, Inc.*, 2013 U.S. Dist. LEXIS 179685, at 4 (S.D. Tex. Dec. 23, 2013) (rejecting the same argument as "contrary to the language" of the removal statute). And although the existence of an attorney appearance may be good evidence that service was made, *see Ardolino-Hill v. Kohl's Dep't Stores, Inc.*, 2020 U.S. Dist. LEXIS 111375, at *6 (N.D. Ga. June 25, 2020), the reverse is not true.

Aside from the requirements of the removal statute, the removing defendant also bears of the burden of establishing the federal court's subject-matter jurisdiction—here, based on diversity of citizenship under 28 U.S.C. § 1332. *Collier v. SP Plus Corp.*, 889 F.3d 894, 896 (7th Cir. 2018). For diversity jurisdiction, a corporation is a citizen of the state in which it is incorporated as well as the state in which its principal place of business is located. *Hertz v. Friend*, 559 U.S. 77, 80 (2010). In its notice of removal, Keefe Group alleges that its principal place of business is in St. Louis, Missouri. Dkt. 1, ¶ 6. It alleges that Hanesbrands' principal place of business is in Winston-Salem, North Carolina. *Id.* ¶ 7. And it alleges that Fila Sporting Goods Co.'s principal place of business is in Starks-Glencoe, Maryland. *Id.* ¶ 8. It does not allege, however, the state in which any of those defendants were incorporated. Thus, it has not sufficiently alleged the citizenship of each defendant.

Because of these deficiencies, the Court must require Keefe Group to show cause why this case should not be remanded back to state court. By June 17, 2022,

3

Keefe Group must show cause or amend its notice of removal to properly address these concerns. If it fails to do so, the Court will summarily remand this action. In absence of a summary remand, Ayoubi may respond to Keefe Group's filing by July 1, 2022.

Date: May 24, 2022

                                                    Honorable Iain D. Johnston
                                                    United States District Judge