UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| FIRAS AYOUBI,<br><br>         Plaintiff,<br>vs.<br><br>HANESBRANDS INC., KEEFE GROUP, LLC<br>and FILA U.S.A., INC.,<br><br>         Defendant. | No. 3:22-cv-50158 |

**KEEFE GROUP INC.'S RESPONSE TO ORDER TO SHOW CAUSE**

COMES NOW Defendant KEEFE GROUP, LLC[1] (hereinafter "Keefe"), by and through its undersigned counsel, and for its Response to this Court's Order to Show Cause [Doc. 10], states as follows:

**1) While this case was initially filed well over a year ago, the case did not commence in earnest until recently as it was stayed on appeal.**

The removal of this case presents an abnormal situation: Plaintiff filed this suit pro se on June 13, 2019, and it was not removed by Keefe until June 5, 2022. However, the underlying pleadings give good reason for this situation: Plaintiff's suit was initially dismissed by Lee County as frivolous on the same date it was filed and the matter has been in the appeal phase until recently. See attached Court File from Lee County, Illinois, attached hereto as <u>Exhibit A</u>, and incorporated herein by

---

[1] The undersigned requests that this Court take judicial notice of the Missouri Secretary of State's filings related to "Access Catalog Company" a named Defendant in this matter. On July 30, 1999, Access Catalog Company merged into Access Catalog Company, LLC. In turn, Access Catalog Company, LLC, merged into Keefe Group, LLC on October 1, 2015. The undersigned's entry on behalf of Keefe Group, LLC is effectively an entry on behalf of named Co-Defendant Access Catalog Company, which has not existed for over twenty years.

this reference, p. 1-17. Keefe requested this file shortly after it was served, but the complete case file was nor received from Lee County until May 25, 2022.

Plaintiff filed his Second Notice of Appeal on September 3, 2019, as the first was apparently not received by the Court but was sent on July 12, 2019. Ex. A, p. 24. The Appellate Court required Lee County Court to make Findings regarding the initial dismissal, and the Court determined the suit was not frivolous. Ex. A, p. 46-50. The appeal was dismissed as moot on September 24, 2021. Ex. A, p. 53. The lower court provided Plaintiff with a copy of his Complaint and four blank summonses on February 7, 2022. Ex. A, p. 61. Past this point, the timing becomes unclear: shortly thereafter, on February 10, 2022, Plaintiff requested a file-stamped copy of his Complaint so that he could serve Defendants, and the document is file stamped by the Court on February 16, 2022. Ex. A, p. 62. The summonses were all date-stamped by the Court at the time they were issued to Plaintiff, and numerous summonses exist in the file for each Defendant: Hanesbrand, Inc. on February 7, 2022 (Ex. A, p. 58); Keefe on February 16, 2022 (Ex. A, p. 63); Fila on February 16, 2022 (Ex. A, p. 65); Access Catalogue on February 16, 2022 (Ex. A, p. 67); Hanesbrand, Inc. again on March 3, 2022 (Ex. A, p. 69), Hanesbrand again on March 24, 2022 (Ex. A, p.73), Keefe again on March 25, 2022 (Ex. A, p. 77); Access Catalog again on April 11, 2022 (Ex. A, p. 78); and Keefe again on April 11, 2022 (Ex. A, p. 81). Clearly, Plaintiff had difficulties serving the parties. It is only after these summonses were issued, shortly before removal took place, that the case began in earnest.

The original suit ceased to exist within the lower state court the day it was filed. The years between filing and service are clearly explained by the court's records: no activity took place, save for a finding that the claim was not frivolous on its face, and then service began. The notes regarding the passages of § 1446 give a clear reason for the one-year limitation for removal based upon diversity jurisdiction: "House Report No. 100–889 explained that the one-year limit is intended to prevent disruption of state court proceedings resulting from dismissal of a nondiverse party late in a case. The report states: "Subsection (b)(2) amends 28 U.S.C. § 1446(b) to establish a one-year limit on removal based on diversity jurisdiction as a means of reducing the opportunity for removal after substantial progress has been made in state court." *Foiles by Foiles v. Merrell Nat. Lab'ys, a Div. of Richardson-Merrell, Inc.*, 730 F. Supp. 108, 110 (N.D. Ill. 1989), internal citations omitted. In the instant case, no progress has been made at the state court level, beyond issuance of summons.

2) **At the time of removal Keefe had begun its investigation into service and entry but had not yet been able to complete it.**

Keefe removed the instant case and Fila consented. Gaining this consent was easy: Fila affirmatively reached out to Keefe after Fila was served regarding this matter. Hanesbrand, Inc., however, has not been involved in this suit to date.

The court records of Lee County are not available online and thereby Keefe was unable to determine what actions had been taken prior to Keefe's service until the complete copy of the file was sent by the Clerk, save for the fact that Keefe was

3

able to determine that no attorney was associated with Hanesbrand in the lower court at the time of removal. There was no indication in the online records that service had been attempted or succeeded upon Hanesbrand at the time of removal. The undersigned felt that this was a sufficient investigation at the time sufficient to remove the matter to Federal Court.

Since the issuance of this Court's Order to Show Cause, the undersigned has taken additional actions to attempt to further investigate this issue. The undersigned directed correspondence to Hanes' registered agent in Illinois, with carbon copies to what the undersigned believes to be corporate counsel for Hanesbrand. The undersigned sought to locate attorneys around the country that had previously represented Hanesbrand in Federal Court and was able to connect with one such attorney, but he also received no response from Hanesbrand regarding their position on whether they were properly served and whether they consented to this removal. It remains unclear what Hanes' position is: do they feel that they were properly served[2] and if so do they consent to this removal? Given the lack of an entry of an attorney and the reasonable actions taken by Keefe's counsel, the attempt to investigate the issue of consent is sufficient to allow for this matter to remain in this Court.

---

[2] This matter will be forced to come to a head soon: Plaintiff filed a Motion for Default Against Hanesbrand [Doc. 17] with documents that appear to show that Hanesbrand was served at what is believed to be their principal place of business in March of 2022. The determination of this Motion will be instructive for the instant motion: either Plaintiff is entitled to a default and whether Hanesbrand consents to removal is moot, as they will no longer be a Defendant in this matter, or Hanesbrand will appear by attorney and likely contest that service was proper, meaning that their consent to the instant Motion was not required.

4

In the event that this Court disagrees, Keefe respectfully requests that the claims against Keefe and Fila, who consent to this removal, remain in Federal Court, and the claims against Hanesbrand, Inc., who may be in default, are remanded to the state court. See, e.g., *Bolden v. Summers*, 181 F. Supp. 2d 951, 953-54 (N.D. Ill. 2002); *Lassers v. Everett*, No. 05 C 4647, 2005 WL 8179231, at *2 (N.D. Ill. Oct. 25, 2005). The claims against Hanesbrand, Inc. are separate and reasonable separable from those against Keefe and Fila.

3) **The citizenship of the Defendants allows for removal based upon both their principal place of business and their states of incorporation, granting this Court subject matter jurisdiction.**

Including both principal places of business and states of formation, complete diversity remains. According to the Illinois Secretary of State, Hanesbrand, Inc. is a Maryland Corporation with its principal place of business in Winston-Salem, North Carolina. According to the Illinois Secretary of State, FILA U.S.A. Inc. is not an active entity and there are numerous entries in the Illinois Secretary of state for it, but the first listed entry is a Delaware Corporation with its officers located in New York. Keefe is a Missouri LLC with its principal place of business in Missouri. Complete diversity remains met based upon the foregoing.

WHEREFORE, Defendant KEEFE GROUP, LLC. respectfully requests that the foregoing be considered to be a sufficient response to this Court's Order to Show Cause; for this matter to remain in this Court; and for such other and further relief as this Court deems meet and just in the circumstances.

5

        Respectfully submitted,

Date: May 17, 2022        */s/ Alexander B. Chosid*
        Alexander B. Chosid
        TKC Holdings, Inc.
        1260 Andes Boulevard
        St. Louis, MO 63132
        Tel: (314) 216-2218
        Fax: (314) 213-1190
        Alex.Chosid@TKCHoldings.com

        *Attorney for Defendant*
        *Keefe Group, LLC.*

## **CERTIFICATE OF SERVICE**

    I, Alexander B. Chosid, hereby certify that on this **17th day of May, 2022,** a true and accurate copy of the foregoing was electronically transmitted to the Clerk of the Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to all counsel who have entered an appearance to date.

    I also certify that a true and accurate copy of the foregoing was served via Federal Express, postage prepaid, upon the following non-participants in electronic filing:

Firas Ayoubi, #R66956
2600 N. Brinton Avenue
Dixon, IL 61021
Plaintiff- *pro se*

        */s/ Alexander B. Chosid*
        Alexander B. Chosid