

FILED
6/21/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

EY

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FIRAS M. AYOUBI, ) | |
|     Plaintiff, ) | Cause: 3:22-cv-50158 |
| ) | |
| -vs- ) | |
| ) | Honorable Iain D Johnston |
| HANESBRANDS INC, ) | United States District Judge. |
| KEEFE GROUP L.L.C., ) | |
| ACCESS CATALOGUE CO., ) | JURY TRIAL DEMANDED |
| FILA SPORTING GOODS CO., ) | |
| (d/b/a "FILA U.S.A. Inc")., ) | |
|     Defendant's. ) | |

PLAINTIFF'S COMBINED OBJECTIONS TO TKC HOLDINGS INC.'S ENTRY
OF APPEARANCE FOR FILA U.S.A. INC. AND MOTION FOR DISQUALIFICATION
OF TKC HOLDINGS INC AND ALEXANDER CHOSID

NOW COMES FIRAS AYOUBI, and hereby objects to TKC HOLDINGS
INC.'S AND ALEXANDER CHOSID"S appearance on behalf of it's pre-
existing client, KEEFE GROUP L.L.C'S co-defendant, FILA U.S.A.
INC. He requests TKC HOLDINGS and Mr. Chosid be disqualified
from representing Fila U.S.A. instanter.

1: On April 14,2022, after being served at their corporate headqu-
arters, Defendant, Fila Sporting Goods Co. d/b/a "Fila U.S.A."
hired the law firm of ARENTFOX SCHIFF LLP. That firm assigned
attorney Kirstie Brenson to the case.

PC SCAN

Ayoubi v Hanesbrands 3:22-cv-50158

2: On 4/14/2022, ArentFox Schiff LLP, through Ms Brenson, filed an appearance on behalf of Fila in Lee County Circuit Court. Attatched hereto as <u>Exhibit A.</u>

3: That same day, she filed an answer to the complaint. Also attatched hereto as <u>Exhibit B.</u>

4: Strangely enough, after this court issued a show cause order, to perfect removal by defendant Keefe Group L.L.C. Keefe's current counsel, TKC Holdings Inc., and Mr Chosid filed an appearance for Keefe's co-defendant, Fila U.S.A.

5: First, this conduct appears to be an attempt to circumvent the rules of civil procedure. Or perhaps take a shot at a motion to dismiss, <u>after</u> Fila U.S.A. allready filed an answer in Lee County with its previous counsel. If that is Fila's intention, it would be highly improper, impermissible and could constitute sanctionable conduct.

6: Secondly, and more abundantly obvious, there is an utter conflict of interest inherent with TKC Holding's Inc., representing both, Keefe Group L.L.C. and Fila U.S.A. Inc. The possibilities of a scenario where Keefe Group and Fila would either point blame at one another , or contradict eachother are certain.

Ayoubi v Hanesbrands 3:22-cv-50158

It wont take much to the imagination. All it would take is one question in deposition, or in a production request, or arguably in trial for a situation to arise where the attorney's loyalties will shift from one client, to the other.

7: Ethical obligations of the attorney aside, this may make prosecuting this case more difficult by causing unecessary delay and confusion on the parties. Eventually, whether at this stage, the discovery stage, summary judgment or trial, a situation is guaranteed to arise that will cause a major conflict between the parties and the attorney. This will prejudice plaintiff through unecessary delay, and possibly unecessary appeals.

8: Fila certainly has the wherewithal to procure any counsel they want other than one that poses serious risks of conflict, and risk of prejudicing plaintiffs presentment of his case.

**WHEREFORE** plaintiff prays this Honorable Court grant any relief it determines to be fair, just and equittable, consistent with the FRCP.

Dated: June 20,2022

RESPECTFULLY SUBMITTED,

By: /s/

Firas Ayoubi #R66956
2600 N Brinton Ave
Dixon, IL, 61021

-3-

Ayoubi v Hanesbrands 3:22-cv-50158

## CERTIFICATE OF SERVICE

This is to certify that I have on this dates served true and correct copies of the foregoing "PLAINTIFFS COMBINED OBJEC_ TIONS TO TKC HOLDINGS INC'S ENTRY OF APPEARANCE FOR FILA U.S.A. INC. AND MOTION FOR DISQUALIFICATION OF TKC HOLDINGS INC AND ALEXANDER CHOSID" upon

(1) Tkc Holdings Inc.,
    Mr Alexander Chosid
    alex.chosid@tkcholdings.com

(2) Clerk of the U.S.Dist Court
    Northern District of Illinois

Via USDC NDIll CM/ECF electronic filing and notification system on this 20 day of June 2022 by depositing said document in the institutional mailbox at Dixon C.C. addressed to the facility law library for proper efiling at 9:00pm.

s/

Firas Ayoubi #R66956
Dixon C.C.
2600 N Brinton Ave
Dixon IL,61021

-4-

Ayoubi v Hanesbrands 3:22-cv-50158

EXHIBIT A

FILED
Lee Co. Circuit Court
15th Judicial Circuit
Date: 4/14/2022 1:24 PM
Amy Johnson
BAY

**IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT**
**LEE COUNTY, ILLINOIS**

| | | |
|---|---|---|
| FIRAS M. AYOUBI, | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No. 2019L00017** |
| | ) | |
| v. | ) | **The Honorable Douglas E. Lee** |
| | ) | |
| HANESBRANDS INC.; KEEFE | ) | |
| GROUP L.L.C.; ACCESS | ) | |
| CATALOGUE CO.; FILA SPORTING | ) | |
| GOODS CO., | ) | |
| | ) | |
| **Defendants.** | ) | |

## APPEARANCE

The undersigned enters the appearance of the following defendant:

Fila U.S.A., Inc.

Dated: April 14, 2022            ARENTFOX SCHIFF LLP


                                 */s/ Kirstie Brenson*
                                 Kirstie Brenson (ARDC #6329474)

                                 ArentFox Schiff LLP
                                 233 South Wacker Drive
                                 Suite 7100
                                 Chicago, Illinois 60606
                                 T: (312) 258-5500
                                 F: (312) 258-5600
                                 kirstie.brenson@afslaw.com

                                 Attorney for Defendant
                                 Fila U.S.A., Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2022, a copy of the foregoing was served

by U.S. mail upon the following:

Firas Ayoubi (R66956)
Dixon Correctional Center
2600 N Brinton Avenue,
Dixon, IL, 61021

/s/ Kirstie Brenson
Attorney for Defendant
Fila U.S.A., Inc.

People v Hanesbrands 3:22-cv-50158

EXHIBIT B

FILED
Lee Co. Circuit Court
15th Judicial Circuit
Date: 4/14/2022 1:24 PM
Amy Johnson
BAY

## IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
## LEE COUNTY, ILLINOIS

| | | |
|---|---|---|
| FIRAS M. AYOUBI, | ) | |
| | ) | |
| Plaintiff, | ) | **Civil Action No. 2019L00017** |
| | ) | |
| v. | ) | **The Honorable Douglas E. Lee** |
| | ) | |
| HANESBRANDS INC.; KEEFE | ) | |
| GROUP L.L.C.; ACCESS | ) | |
| CATALOGUE CO.; FILA SPORTING | ) | |
| GOODS CO., | ) | |
| | ) | |
| Defendants. | ) | |

### DEFENDANT FILA U.S.A., INC.'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant Fila U.S.A., Inc. ("Fila"), by and through its attorneys ArentFox Schiff LLP, for

its Answer to Plaintiff's Complaint, states as follows:

### PRELIMINARY STATEMENT

This is a civil action arising from, and seeking damages against the defendants whom manufactured, distributed, marketed and sold products which were known to be, and in fact were defective in design, labels and packaging. Particularly, HANESBRANDS, KEEFE and ACCESS CATALOGUE COMPANY (hereinafter "Access") knowingly sold defective or otherwise factory reject t-shirts to the plaintiff and other prison populations. Plaintiff claims strict liability against hanesbrands inc [sic] under defective design and breach of warranty theories in that, the product failed to perform as a reasonable consumer would expect. They advertised a "lay flat collar" that 'will never lose its shape', when in fact it comes defective right out of the packaging and not what it's purported to be and after washing as directed, instantly loses more shape and continuity. Plaintiff also claims fraudulent concealment, negligent misrepresentation, unjust enrichment and claims under the Illinois Consumer Fraud and Deceptive Business Practice Act, 815 ILCS 505/1 et seq. against these defendants in that, while in the course of interstate commerce and trade, jointly agreed to purchase/sell a knowingly defective product while obtaining benefit from plaintiff and other consumers' detriment and fraudulently concealing the known defects in their products. Further, plaintiff claims consumer fraud under the ICFA, fraudulent concealment, negligent misrepresentation, unjust enrichment and strict liability under defective design against Fila Sporting Goods Co. for knowingly providing Keefe Group and Access co. with factory defective shoes for the purposes of deceiving the purchasor [sic]

and inducing sale of the product. Plaintiff seeks compensatory, actual, presumed and punitive damages against the defendants.

**ANSWER:**   Fila denies that its products were or are defective in design, labels, or packaging. Fila also denies that it agreed to purchase or sell any defective products. Fila also denies that it provided Keefe or Access with factory defective shoes. To the extent that this paragraph can be interpreted to contain any additional allegations against Fila, Fila denies those allegations. Fila lacks sufficient knowledge to admit or deny any remaining allegations of this paragraph.

## THE PARTIES

- FIRAS AYOUBI - The Plaintiff, at all relevant times was a citizen of the state of Illinois and resided at the Pinckneyville correctional Center and Dixon Correctional Center of the Ill. Dep't of Corrections. His address is 2600 N Brinton Avenue, Dixon, IL, 61021.

**ANSWER:**   Fila lacks sufficient knowledge to admit or deny the allegations of this paragraph.

- HANESBRANDS INC. - A Defendant, at all times relevant was engaged in interstate commerce and trade with Keefe Group and Access Co. Hanesbrands is located at: 1000 E Hanes Mill Rd. Winston-Salem, NC, 27102.

**ANSWER:**   Fila lacks sufficient knowledge to admit or deny the allegations of this paragraph.

- KEEFE GROUP L.L.C. - A Defendant at all relevant times was engaged in interstate commerce and trade with Hanesbrands and Fila and Access companies. Keefe Group is located at: 10880 Linpage, St. Louis, MO, 63132.

**ANSWER:**   Fila admits that it engaged in commercial transactions with Keefe Group, LLC ("Keefe"). Fila lacks sufficient knowledge to admit or deny any remaining allegations of this paragraph. Whether Fila and Keefe Group's transactions constitute interstate commerce is a legal conclusion to which no response is required.

• ACCESS CATALOGUE CO. - A Defendant at all times relevant was engaged in interstate commerce and trade with Keefe, Fila and Hanesbrands. Access is located at: 13870 Corporate Wind Trail, Bridgeton, MO, 63044.

**ANSWER:** Fila admits that it engaged in commercial transactions with Access Catalog Company, LLC ("Access"). Fila lacks sufficient knowledge to admit or deny any remaining allegations of this paragraph.

• FILA SPORTING GOODS CO. - A defendant was engaged in interstate commerce and trade with Keefe and Access Companies. They are located at: 930 Ridgebrook Rd., Starks-Glencoe, MD, 21152.

**ANSWER:** Fila admits that it engages in commercial transactions with Keefe and Access. Answering further, Fila U.S.A., Inc. is misidentified in Plaintiff's Complaint, including in this paragraph, as Fila Sporting Goods Co., an entity that does not exist. Fila's U.S. headquarters is located at 930 Ridgebrook Road, Suite 200, Sparks-Glencoe, MD, 21152. Fila denies any remaining allegations in this paragraph.

## STATEMENT OF FACTS
### (facts pertinent to all counts)

1. On or about January 2018, Firas Ayoubi (hereinafter the "plaintiff") was transferred to the Pinckneyville Correctional center. Part of the IDOC.

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 1.

2. Pinckneyville C.C. provides a commissary for inmates and for staff members. The commissary allows inmates and staff to buy various products which includes but is not limited to food, clothes, and hygiene products.

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 2.

3. Particularly, they sell a Hanesbrand t-shirt product which consists of 3 white t-shirts. Sealed in original Hanes packaging which identifies the product as Hanes "tagless t-shirts" with a trademarked "wicking cool comfort fabric" and a "lay flat collar" with "preshrunk cotton".

-3-

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 3.

4. Pinckneyville obtains this and most products which includes Hanesbrand tagless t-shirts from Keefe and Access co. Commissary distributors who obtains products from manufacturers for the purpose of selling to inmates. Access is a afilliate [sic]/subsidiary of Keefe.

**ANSWER:** Fila admits that Access and Keefe are affiliated. Fila lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 4.

5. At all times relevant, PCC was purchasing or otherwise aquiring [sic] the Hanes t-shirts from Keefe and Access Co.

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 5.

6. Keefe/Access intentionally purchases defective products on a regular basis for purposes of obtaining cheaper inventory for a greater profit. And omit the products defective nature from the consumer.

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 6.

7. Hanes knew of their products defective design and factory reject nature and formulated a deal with Keefe/Access to sell the product anyway for the purpose of targeting it to inmate and prison populations.

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 7.

8. Hanes had the requisite knowledge that the shirts were defective in design and substance before they packaged it. It was defective at the time it left Hanes's control.

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 8.

9. Hanes packaged the shirts in a package that identified them as "lay, flat collar that will never lose its shape" and with a "perfect fit" wash after wash while knowing that it was defective and had a mishaped [sic] collar and defective

-4-

sleeve seems etc. That will strech [sic] further after washing and certainly not a "perfect fit".

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 9.

10. Hanes however didn't decide to reconstitute the shirts or re-manufacture them or donate them, those would have been more expensive options.

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 10.

11. Instead, they ventured with Keefe/Access Co. to package it as a normal shirt they sell in other locations with components not found in competitive brands (e.g. lay flat collar) and deceive the purchaser and market it and sell it fraudulently to obtain profit.

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 11.

12. Keefe/Access then sells the defective shirts to PCC at a high cost which winds up being sold to inmates for approx [sic] $16.00 for a pack of 3 t-shirts. More than what their sold for to the public.

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 12.

13. Keefe/Access co. not surprisingly, have a common practice of purchasing factory defective products from many manufacturers, including Hanes, in order to obtain greater profit.

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 13.

14. Hanes shirt packaging provided a warranty or implied warranty to the condition and performance of the product. That this lay flat collar "will never lose its shape" and fit "perfect" wash after wash.

**ANSWER:** Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 14.

15.     The package's markings were not consistent with the true nature and performance of the product.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 15.

16.     It was intentionally packaged in such a way to deceive the purchaser.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 16.

17.     Plaintiff did not expect the shirts to come with such a defect because of the promises in the label and its expensive cost.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 17.

18.     Plaintiff continued to purchase this product hoping to come up on a good batch and assumed it was a isolated incident. He learned that they were all defective in design, substance, continuity and labeling. They were falsely advertised and fraudulent.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 18.

19.     Not PCC, Hanes, Keefe or Access Co. notified the plaintiff of the true nature of the product.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 19.

20.     Hanes, Keefe and Access relied upon the false statements when marketing and selling it to plaintiff.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 20.

21.     Defendants made profit off of plaintiffs [sic] detriment. Being a consumer and having the right to know about the true nature of their product and his status as a prisoner and not having many choices.

**ANSWER:**   Fila denies that it profited from Plaintiff's detriment.  Fila lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 21.

22.   The product was also and remained defective at the time it left Keefe and Access's control. It remained sealed in Hanes Packaging.

**ANSWER:**   Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 22.

23.   The sealed t-shirts remaied [sic] sealed in their original factory packaging, untampered at the time it left PCC's control at the point of sale.

**ANSWER:**   Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 23.

24.   Plaintiff was transferred to the Dixon Correctional center on or about August/September 2018.

**ANSWER:**   Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 24.

25.   The Dixon correctional center also aquires [sic] products from Access and Keefe Group L.L.C.

**ANSWER:**   Upon information and belief, Fila admits the allegations of paragraph 25.

26.   Keefe and Access co knowingly formed an aggreement [sic] with Fila sporting goods co. to purchace [sic] factory defective shoes with major flaws, inconsistencies and defects in order to gain profit.

**ANSWER:**   Fila admits that Keefe and Access agreed to purchase shoes from Fila.  Fila denies the remaining allegations of paragraph 26.

27.   Fila knowingly sold keefe and access co. factory reject shoes that they wouldnt [sic] normally sell to the public in order to gain profit from deceiving and defrauding plaintiff and other inmate populations.

**ANSWER:**   Fila admits that it sold shoes to Keefe and Access.  Fila denies the remaining allegations of paragraph 27.

28.     The shoes, upon immediate observation appear defective and inconsistent in shape and appearance. Dixon C.C. chaged [sic] approximate $40.00 for each pair of these shoes. Plaintiff purchased the shoes approximately 4 times. All of which were defective and appeared very inconsistent.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations that Dixon

Correctional Center charged approximately $40.00 per pair of Fila shoes and that Plaintiff

purchased the shoes approximately four times.  Fila denies the remaining allegations of paragraph

28.

## COUNT 1

## VIOLATIONS OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICE ACT 815 ILCS 505/1 et seq AGAINST KEEFE GROUP L.L.C., ACCESS CATALOGUE COMPANY, HANESBRANDS AND FILA CO.

29.     Plaintiff incorporates by reference paragraphs 1-28 as though fully set forth in this count 1.

**ANSWER:**     Fila incorporates by reference its answers to paragraphs 1-28.

30.     Hanesbrands failed to disclose a known defect in its product in design, substance and continuity.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of

paragraph 30.

31.     Hanesbrands knew of a substantial defect in their product before they packaged it. And knowingly packaged it into a package that identified the product as something Hanes knew it was not. That it had a lay flat collar that will never lose its shape. And fits perfect no matter how many times it was washed.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of

paragraph 31.

32.     Hanes acted in deliberate falsehood in the manufacture, and market and sale of their product. And further ventured into an agreement with Keefe/Access, in tandem, to conspire in this falsehood to make profit for their companies.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of

paragraph 32.

33.     Hanes made a choice to fraudulently market and sell a defective product than go through the fiscal burden of re-manufacturing the shirts or researching a better design or manufacturing method.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 33.

34.     Hanes acted deceptively and fraudulently in the manufacture, market and sale of their product and therefore, are liable under the Illinois consumer fraud and deceptive business practice act.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 34.

35.     Keefe and Access Co. knowingly purchased a product from Hanes and Fila knowing that the products were defective and or packaged and marketed fraudulently. Keefe and Access company capitalized off that falsehood.

**ANSWER:**     Fila denies that Keefe and Access purchased products from Fila that were defective or packaged or marketed fraudulently. As to any allegation involving Hanes products, Fila lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 35. Fila denies any remaining allegations of paragraph 35.

36.     Keefe and Access worked in tandem with Hanes and Fila and presented the products deliberately to sell it by purporting it tp [sic] be what the label advertised it to be (which it wasn't [sic]) for the purpose of loading up on inventory and increasing profit.

**ANSWER:**     Fila denies the allegations of paragraph 36 with respect to Fila and its products. As to any allegation involving Hanes products, Fila lacks sufficient knowledge to admit or deny any remaining allegations of paragraph 36. Fila denies any remaining allegations of paragraph 36.

37.     Keefe and Access knowingly and intentionally ventures to buy defective and factory reject products from companies in order to deceive and take advantage of prisoners and to obtain profit.

**ANSWER:**    To the extent it refers to any Fila products, Fila denies the allegations of paragraph 37.  Fila otherwise lacks sufficient knowledge to admit or deny the allegations of paragraph 37.

38.    Keefe and Access acted deceptively and fraudulently in the marketing, distribution and sale of their product and therefore, are liable under the Illinois Consumer Fraud and Deceptive Business practice Act.

**ANSWER:**    To the extent it refers to any Fila products, Fila denies the allegations of paragraph 38.  Fila otherwise lacks sufficient knowledge to admit or deny the allegations of paragraph 38.

39.    Fila knew of a substantial defect in their shoe product before they sold it to Keefe. And knowingly sold it with intent that it be targeted to inmates, and having intent to dodge public scrutiny in their product by directing it to be sold exclusively to inmates.

**ANSWER:**    Fila denies the allegations of paragraph 39.

40.    Fila took advantage of a particularly vunerable [sic] type of consumer for financial gain. They acted deceptively in the market, and sale of their product and are liable under the ICFA.

**ANSWER:**    Fila denies the allegations of paragraph 40.

41.    These companies [sic] actions caused injury to the plaintiff, and others as consumers.

**ANSWER:**    Fila denies the allegations of paragraph 41.

## COUNT 2

### STRICT LIABILITY UNDER DEFECTIVE DESIGN AGAINST HANESBRANDS AND FILA SPORTING GOODS COMPANY

42.    Plaintiff incorporates by reference paragraphs 1-34 as though fully set forth in this count 2.

**ANSWER:**    Fila incorporates by reference its answers to paragraphs 1-34.

43.    The tagless t-shirt with lay flat collar design is defective. It failed to perform as a normal consumer would expect. In that, a consumer would not expect t-shirts to be stretched and worn out upon purchase, or for the stretching to worsen

-10-

after even 1 wash. Especially one as advertised to have a collar that will "never" lose its shape and a shirt with a "perfect fit" everytime [sic].

**ANSWER:**   Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 43.

44.   Hanes could have changed the way their product is designed and the way its manufactured to ensure consistency in dimension [sic], size shape and continuity and equally as important, to be in lockstep with what is advertised and promised. But here, they clearly did not.

**ANSWER:**   Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 44.

45.   Hanes is strictly liable for their products defective design.

**ANSWER:**   Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 45.

46.   The Fila model 1BM00191-100 is defective. It failed to perform as a normal consumer would expect. The shoes are inconsistent and offset. The size/shape doesnt [sic]match. Not only is it physically inconsistent in appearance. It has potential to affect a persons [sic] walk or stature. Fila could have not sold these defective shoes, and had the option to find a better manufacturing method, but they chose not to.

**ANSWER:**   Fila denies the allegations of paragraph 46.

47.   Fila is strictly liable for their products defective design.

**ANSWER:**   Fila denies the allegations of paragraph 47.

## COUNT 3

## STICT LIABILITY UNDER BREACH OF WARRANT AGAINST HANESBRANDS INC.

48.   Plaintiff incorporates by reference paragraphs 1-47 as though fully set forth in this count 3.

**ANSWER:**   Fila incorporates by reference its answers to paragraphs 1-47.

49.   On August 1, 2018 plaintiff sent notification to Hanesbrands regarding the condition of their product, and the inconsistency and false nature of their packaging. They were therefore notified of their breach of warranty.

**ANSWER:**     Count 3 is not directed against Fila and therefore Fila has no obligation to answer this paragraph. To the extent any of the allegations in this paragraph can be construed as allegations against Fila, Fila denies those allegations.

      50.     Hanesbrands, in their packaging, conveyed a promise and a warranty to the consumer, by stating the lay flat collar will "never lose its shape" and "preshrunk cotton for a perfect fit wash after wash" and went on by guaranteeing satisfaction on this product in the packaging. Not only did they know that this statement was false, they breached the warranty that was expressed in their package.

**ANSWER:**     Count 3 is not directed against Fila and therefore Fila has no obligation to answer this paragraph. To the extent any of the allegations in this paragraph can be construed as allegations against Fila, Fila denies those allegations.

      51.     Not surprisingly, after they were notified of their breach of warranty, Hanes continues to churn out yet more defective shirts to Keefe and Access Company and continue to sell the same shirts at (at least) the Pinckneyville Correctional Center.

**ANSWER:**     Count 3 is not directed against Fila and therefore Fila has no obligation to answer this paragraph. To the extent any of the allegations in this paragraph can be construed as allegations against Fila, Fila denies those allegations.

      52.     Hanes is liable for Breach Of Warranty expressed to Plaintiff.

**ANSWER:**     Count 3 is not directed against Fila and therefore Fila has no obligation to answer this paragraph. To the extent any of the allegations in this paragraph can be construed as allegations against Fila, Fila denies those allegations.

### COUNT 4

### UNJUST ENRICHMENT AGAINST HANESBRANDS INC., KEEFE GROUP L.L.C., ACCESS CATALOGUE COMPANY AND FILA SPORTING GOODS COMPANY

      53.     Plaintiff incorporates by reference paragraphs 1-52 as though fully set forth in this count 4.

**ANSWER:**     Fila incorporates by reference its answers to paragraphs 1-52.

-12-

54.     Hanesbrands manufactured this product which they knew was defective and a factory reject and decided to target its sale, in its defective form, to inmates with the help of Keefe and Access co. to save on costs associated with reproduction or remanufacturing for profit.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 54.

55.     Hanes knew of the products condition and defective state and made a choice to package it in a package that purported it to be something it was not, and perform a function they knew it could not perform. They packaged it deceptively to obtain profit.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 55.

56.     Fila manufactured their product which they knew was defective and a factory reject and targeted its sale in its defective form to inmates with the motivation of obtaining profit while escaping public scrutiny of their defective product.

**ANSWER:**     Fila denies the allegations of paragraph 56.

57.     These companies benefited revenue off of selling a fraudulent product(s) to the detriment of the plaintiff (and others similarly situated) as consumers which is his legal right as a consumer to be informed of the true nature and risks of a product. And further because of the circumstances of his incarceration of not having an option over whats [sic] offerred [sic] to him to purchase on the commissary.

**ANSWER:**     Fila denies the allegations of paragraph 57.

58.     This is not isolated to only hanes t-shirts and fila shoes. Keefe and Access co. conduct business like this regularly. They venture with many companies to purchase factory rejects on a regular basis.

**ANSWER:**     To the extent this paragraph alleges that Fila sold "factory reject" shoes to Keefe and Access, Fila denies the allegations of paragraph 58. To the extent it refers to any Fila products, Fila denies the allegations of paragraph 58. Fila lacks sufficient knowledge to admit or deny any remaining allegations of this paragraph.

59.     Keefe and Access co. knowingly sold plaintiff factory defective products they knew was not consistent with their packaging.

**ANSWER:**     To the extent it refers to any Fila products, Fila denies the allegations of paragraph 59. Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 59.

60.     Keefe, Access co., Fila and Hanes retained increased profit and revenue to the detriment of the plaintiff.

**ANSWER:**     Fila denies that any profit or revenue from the sale of its shoes to Keefe and Access was retained by Fila to the detriment of Plaintiff. Fila lacks sufficient knowledge to admit or deny any remaining allegations in this paragraph.

61.     The retention of benefits and profit these companies acquired by use of this unlawful practice violates the principles of justice, equity, and good conscience [sic].

**ANSWER:**     Fila denies the allegations of Paragraph 61.

62.     Keefe, Access, Hanes and Fila were unjustly enriched at a cost of plaintffs [sic] detriment.

**ANSWER:**     Fila denies the allegations of paragraph 62.

## COUNT 5
### FRAUDULENT CONCEALMENT AGAINST HANDSBRANDS INC., KEEFE GROUP L.L.C., ACCESS CATALOGUE CO., AND FILA SPORTING GOODS CO.

63.     Plaintiff incorporates by reference paragraphs 1-62 as though fully set forth in this count 5.

**ANSWER:**     Fila incorporates by reference its answers to paragraphs 1-62.

64.     Hanes, Access, Keefe and Fila were under a duty to disclose all material facts about their products defective condition to the Plaintiff and similarly situated individuals.

**ANSWER:**     Fila denies that its products are defective. Answering further, whether Fila owed any duties to Plaintiff or other similarly situated individuals is a legal conclusion to which no response is required. Fila lacks sufficient knowledge to admit or deny any remaining allegations of this paragraph.

65.     Instead, they decided to do the opposite. Conceal their products defective state by packaging it with a label that announces the complete opposite.

**ANSWER:**     Fila denies that its products are defective and that its products are packaged and labeled in a way that would conceal any alleged defects. Fila lacks sufficient knowledge to admit or deny any remaining allegations of paragraph 65.

66.     Hanes acted deceptively in packaging their product in order to induce sale of the product to the consumer. While at the same time omitting its true nature.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 66.

67.     Fila acted deceptively in packaging their product in order to induce its sale to the consumer, while at the same time omitting its true nature.

**ANSWER:**     Fila denies the allegations of paragraph 67.

68.     Keefe and Access co. acted deceptively in facilitating and entering into an aggreement [sic] or business venture with Hanes, Fila and other companies to specifically target people under duress. Inmates. People with not much of a choice, for profit.

**ANSWER:**     Fila denies the allegations of paragraph 68.

69.     Hanes, Keefe and Access relied upon their packagings [sic] misrepresentations when selling it to plaintiff. To entice him (and others) to buy a t-shirt that was purported to last and "never lose its shape" and a "perfect fit".

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 69.

70.     Further, Keefe, Access, Hanes knew of the products state, and knew the condition in which the product was, would require an individual to keep having to purchase the product because it stretches more and more after repeated washing.

**ANSWER:**     Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 70.

71.     The deception, concealment and fraud in regards to the state of their product and its fraudulent marketing and distribution occurred in the course of conduct involving interstate trade and commerce.

**ANSWER:**     To the extent it refers to any Fila products, Fila denies the allegations of paragraph 71. Fila lacks sufficient knowledge to admit or deny the allegations of paragraph 71.

72.     Hanes, Keefe, Access co and Fila's fraud proximately caused plaintiff's (and others similarly situated) injury as a consumer.

**ANSWER:**     Fila denies the allegations of paragraph 72 with respect to any allegations directed to or concerning Fila. Fila lacks sufficient knowledge to admit or deny any remaining allegations of paragraph 72.

73.     Hanes, Keefe, Access and Fila are liable for fraudulent concealment.

**ANSWER:**     Fila denies the allegations of paragraph 73 with respect to any allegations directed to or concerning Fila. Fila lacks sufficient knowledge to admit or deny any remaining allegations of paragraph 72.

## COUNT 6

### NEGLIGENT MISREPRESENTATION AGAINST HANESBRANDS INC., KEEFE GROUP L.L.C., ACCESS CATALOGUE CO. AND FILA SPORTING GOODS COMPANY

74.     Plaintiff incorporates by reference paragraphs 1-73 as though fully set forth in this count 6.

**ANSWER:**     Fila incorporates by reference its answers to paragraphs 1-73.

75.     Hanes, Keefe, Access and Fila had a duty to convey true and accurate information to plaintiff, the public and others similarly situated.

**ANSWER:**     Whether Fila owed any duties to Plaintiff, the public, or other similarly situated individuals is a legal conclusion to which no response is required. Fila lacks sufficient knowledge to admit or deny any remaining allegations of paragraph 75.

76.     The defendants were careless and negligent in asserting the truth of their statements. That their product has a collar that will never lose its shape and

has a perfect fit everytime [sic] no matter how many times it was washed, which they knew was false on top of omitting the present condition.

**ANSWER:** Fila denies that it was careless or negligent with regard to the truth of its statements. Fila lacks sufficient knowledge to admit or deny any remaining allegations of paragraph 75.

77. Hanes, Keefe, Access and Fila negligently misrepresented their product to the public, and to the consumer.

**ANSWER:** Fila denies the allegations of paragraph 77.

## CONCLUSION

This is a specially unusual case of consumer fraud where (at least) four separate companies come together, with a [sic] equally common and sinister goal, to take advantage of a particularly vunerable [sic] type of consumer who is helpless to what they are able to purchase. They ceased the opportunity to escape public scrutiny for their defective products while at the same time reaping the benefits. They ceased the opportunity to package their factory rejects in packaging that falsely represented it to be something that it was not. Its [sic] an abuse of a duty owed to the public and a discredit to the industry. Plaintiff (and others) was injured as a result of these companies brazen fraud. Given the size and affluence of their companies, plaintiff seeks compensatory, presumed, actual and punitive damages over the jurisdictional minnimum [sic] not only to reasonably compensate plaintiff but also to punish and deter the defendants, and others from doing the same.

**ANSWER:** Fila denies the allegations of this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

To the extent that Plaintiff alleges that he suffered only economic injury, his tort claims are barred by the economic loss doctrine.

### Second Affirmative Defense

Plaintiff has failed to state a claim upon which relief can be granted because (1) he fails to plead his claims sounding in fraud with particularity; (2) he fails to identify any non-pecuniary injury that he suffered; (3) he cannot show that the Fila product of which he complains was unreasonably dangerous; and (4) he fails to identify any statements made by Fila in connection with the Fila product in question.

WHEREFORE, Fila requests that the Court enter judgment in its favor and against Plaintiff and grant Fila such further relief as this Court deems just.

Dated:   April 14, 2022                                  ARENTFOX SCHIFF LLP


                                                         */s/ Kirstie Brenson*
                                                         Kirstie Brenson (ARDC #6329474)

                                                         ArentFox Schiff LLP
                                                         233 South Wacker Drive
                                                         Suite 7100
                                                         Chicago, Illinois 60606
                                                         T: (312) 258-5500
                                                         F: (312) 258-5600
                                                         kirstie.brenson@afslaw.com

                                                         Attorney for Defendant
                                                         Fila U.S.A., Inc.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on April 14, 2022, a copy of the foregoing was served by U.S. mail upon the following:

    Firas Ayoubi (R66956)
    Dixon Correctional Center
    2600 N Brinton Avenue,
    Dixon, IL, 61021


                                                         /s/ Kirstie Brenson
                                                         Attorney for Defendant
                                                         Fila U.S.A., Inc.

-18-

DocuSign Envelope ID: 9A875AE9-BCE8-4069-B9C0-DDEB30F1D0DA

## VERIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, I, <u>Heather Greenberg</u>, on behalf of Fila U.S.A., Inc., certify that the statements set forth in the foregoing Answer to Plaintiff's Complaint are true and correct to the best of my knowledge, information, and belief.

Executed on April <u>13</u>, 2022

DocuSigned by:

*Heather Greenberg*

5BB5BF8D8D23474